UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MADISON BURRIS, Individually
and as Administrator of the Estate
of Ricky Lee Burris,

    **Plaintiff,**

  v.

    Civil Action 2:19-cv-815
    Judge Michael H. Watson
    Chief Magistrate Judge Elizabeth P. Deavers

RANDALL DODDS, *et al.*,

    **Defendants.**

## OPINION AND ORDER

Plaintiff Madison Burris, Individually and as Administrator of the Estate of Ricky Lee Burris ("Mr. Burris"), brings this civil rights action under 42 U.S.C. § 1983 alleging violations of Mr. Burris' constitutional rights by the Logan County Sheriff, the Logan County Board of County Commissioners; and several employees of the Logan County Jail including the jail physician. (ECF No. 1, at ¶¶ 4–10.)

On the evening of June 14, 2018, Mr. Burris was arrested by a Logan County deputy and taken to Logan County Jail at 12:14 a.m. on June 15, 2018. (ECF No. 1, at ¶¶ 12–14.) Plaintiff alleges that Mr. Burris showed signs of alcohol withdrawal at the time of his arrest and that Defendants failed to provide adequate medical care to him. (*Id.* at ¶ 1.) Plaintiff claims that Defendants' failure to provide adequate medical care to Mr. Burris caused him hours of pain and suffering and, ultimately, led to his death. (*Id.*)

This matter is before the Court for consideration of Plaintiff's Motion to Compel (ECF No. 12), and Defendants' Motion to Strike Notice of Supplemental Record Authority (ECF No.

36). In her Motion to Compel, Plaintiff seeks an order directing the production of third-party medical files pursuant to the following Request for Production of Documents propounded on Defendants:

> The complete medical file of all inmates who were identified at intake as being at risk of or experiencing alcohol withdrawal at the Logan County Jail or who later were determined to be in alcohol withdrawal from July 1, 2017 through June 30, 2018. Names of inmates can be coded and masked to protect the privacy so long as repeat encounters and all the records related to a single inmate are able to be determined. See protective order filed with court to protect the privacy of inmate medical files.

(ECF No. 12, at 2.)

Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Compel on June 14, 2019. (ECF No. 13.) On June 20, 2019, Plaintiff filed a Reply in Support of her Motion to Compel, attaching the expert report of Dr. Mendel. (ECF No. 16.) Upon leave of Court, Defendants filed a sur-reply on July 12, 2019. (ECF No. 22.) On August 13, 2019, Plaintiff filed several deposition transcripts as well as a Notice of Supplemental Record Authority in support of her Motion to Compel. (ECF No. 34.) Defendants filed a Motion to Strike the Notice of Supplemental Record Authority on August 21, 2019, (ECF No. 36), and Plaintiff filed a Response in Opposition to the Motion to Strike on August 23, 2019 (ECF No. 38). Each of these Motions is now ripe for decision. For the reasons that follow, Plaintiff's Motion to Compel is **GRANTED** and Defendants' Motion to Strike is **DENIED AS MOOT**.

**I.**

District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citations omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). The Federal Rules of Civil

Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). While a plaintiff should "not be denied access to information necessary to establish her claim" a plaintiff may not be "permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.")

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (internal citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

## II.

Plaintiff brings a municipal liability claim against Defendants, alleging that "[t]he practices, policies, and customs of Defendants Logan County, Sheriff Dodds, and Dr. Costin

3

were the moving force behind Mr. Burris' suffering and death . . . ." (ECF No. 1, at ¶ 65.) Plaintiff's Complaint also alleges that Logan County, Logan County Sheriff, and certain jail employees including the jail physician, exhibited deliberate indifference to Mr. Burris' serious medical needs. (*Id.*, at ¶ 56.) In connection with these claims, Plaintiff requested from Defendants the medical records of any other inmates of Logan County Jail who presented symptoms of alcohol withdrawal between July 1, 2017, and June 30, 2018, the one-year period preceding Mr. Burris' death. (ECF No. 12, at 2.)

Plaintiff contends that the requested medical files relate to her claim of inadequate medical care, and that they will aid her in establishing deliberate indifference on the part of Defendants in order to sustain her municipal liability claim. (*Id.*, at 3–10.) According to Plaintiff, the records may reveal other inmates of the Logan County Jail who were treated similarly to Mr. Burris and may also reveal a custom or practice of failing to provide inmates with adequate medical care. (*Id.*, at 6–7.) Plaintiff further argues that the records will help show the subjective beliefs of the individual Defendants as to the seriousness of alcohol withdrawal in inmates and whether the municipal Defendants had a custom or policy of deliberate indifference toward inmates with alcohol withdrawal. (*Id.*)

Defendants objects to producing the requested medical records asserting that Plaintiff is on a fishing expedition, that Plaintiff has access to other evidence that is adequate and sufficient, that the records are not relevant, and that the request is overly burdensome. (ECF No. 13, at 6–11.) Specifically, Defendants assert that Plaintiff's allegations of an unconstitutional pattern or practice is conclusory that she therefore has no good faith basis to request third-party medical records. (*Id.*, at 6.) They maintain that Plaintiff has received or will receive sufficient discovery materials to support her claims, including a video, copies of call transcripts, interview

statements, and other files. (*Id.*, at 4.) Finally, Defendants discuss at length in their Memorandum in Opposition a previous incident wherein a detainee died at the Logan County Jail in 2002, asserting that this incident alone does not sufficiently state a claim for municipal liability based on a pattern or practice of unconstitutional behavior. (*Id.*, at 7–11.)[1]

To establish a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must establish that his or her injury resulted from "an implementation of [the municipality's] official policies or established customs." *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring). According to the United States Supreme Court:

> A municipality or other local government may be liable under [42 U.S.C. § 1983] if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation. . . . Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmaker, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are actions for which the municipality is actually responsible.

*Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal citations and quotations omitted).

To prove the existence of a municipality's illegal policy or custom, the "plaintiff can look to (l) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005) (internal citations omitted). The Court of Appeals for the Sixth Circuit has held that an Eighth Amendment "deliberate indifference" claim of

---

[1] In her Reply, Plaintiff notes that she cites to this prior incident "not as evidence of an unconstitutional practice, but as authority on which [the] court can rely in ordering production of the documents." (ECF No. 16, at 8.) Put another way, Plaintiff cites *Samples v. Logan County*, No. C2-03-847, 2006 WL 39265 (S.D. Ohio Jan. 6, 2006) in support of the claim that Defendants, because of the prior incident, knew of the risks associated with acute alcohol withdrawal to inmates such as Mr. Burris specifically.

municipal liability "may be established by a showing of grossly inadequate care as well as [by] a decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Here, Plaintiff specifically alleges that Defendants were indifferent to Mr. Burris' serious medical condition. (ECF No. 1, at ¶ 79.) "Whether a convicted prisoner or a pretrial detainee, deliberate indifference to one's need for medical attention suffices for a claim under 42 U.S.C. § 1983." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). "Prison officials' deliberate indifference violates these rights when the indifference is manifested by prison guards in intentionally denying or delaying access to medical care for a serious medical need." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104, (1976)) (internal citation and quotation omitted). Further, "[a] prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm." *Farmer v. Scioto Cty. Bd. of Comm'rs*, No. 1:14-CV-251, 2014 WL 3734334, at *3 (S.D. Ohio July 29, 2014).

Plaintiff alleges various deficiencies in the Logan County Jail's policies and practices including inadequate monitoring policies, inadequate drugs for treating withdrawal, inadequate screening, inadequate treatment, and inadequate investigation. (ECF No. 16, at 2–5.) To establish her municipal liability claims, Plaintiff must establish that Mr. Burris, while an inmate at the Logan County Jail, received inadequate care for a serious medical need as a result of a policy implemented by the defendant policymakers. The medical files Plaintiff seeks are relevant to this claim because they will allow her to determine the customary medical treatment provided to other inmates with signs of alcohol withdrawal. If Plaintiff demonstrates prior

instances of inadequate care, she may be able to use this as evidence that Defendants had actual or constructive notice of the unconstitutionality of the medical care provided in those situations. Moreover, the requested medical records are relevant to show whether Defendants were subjectively aware of the seriousness of the medical needs of inmates in alcohol withdrawal and whether the county had a policy or custom in this regard.

In *Marcum v. Scioto County*, the Court was faced with similar facts and granted a motion to compel third-party medical files. No. 1:10-cv-790, 2012 WL 2018523 (S.D. Ohio June 5, 2012). There, an inmate of the Scioto County Jail died after suffering an asthma attack. *Id.* at *1. Plaintiff alleged that the defendants knew of the deceased's history with asthma but that they were deliberately indifferent to his needs. *Id.* The Court held that medical files of other inmates with similar conditions at the jail in the 18-month period preceding incident were discoverable and ordered defendants to produce them. *Id.* at *7.

Likewise, in *McEvoy v. Hillsborough County*, the plaintiffs' son died while incarcerated at a county jail after experiencing heroin withdrawal. No. 09-CV-431-SM, 2011 WL 1813014, at *1 (D.N.H. May 5, 2011). The court noted that in order to sustain their claims for municipal liability, the plaintiffs would need to establish that the municipality had a custom or policy of constitutionally inadequate medical care to inmates experiencing alcohol or drug detoxification. *Id.* at *5. Moreover, they would need to establish that the municipal defendants had knowledge of this custom or policy and were "deliberately indifferent to the constitutional rights of the inmates receiving that care." *Id*. The Court ordered the defendants to produce medical records of other inmates who underwent alcohol or drug detoxification while incarcerated, finding that these records were needed for plaintiffs to prove their municipal liability claim. *Id.* at *8.

7

Here, Defendants maintain that Plaintiff has no good faith basis for a municipal liability claim. In their Memorandum in Opposition, Defendants argue that Plaintiff's identification of a prior incident at the Logan County Jail that resulted in an inmate's death is insufficient to state a claim against Defendants for municipal liability. (ECF No. 13, at 2.) But this argument conflates the pleading standards with discovery standards. Information is discoverable if it is relevant to any party's claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b).

Defendants' contention that Plaintiff's Motion should be denied because Plaintiff is engaging in a "fishing expedition" is also not well-taken. Plaintiff's request is sufficiently tailored to discover evidence relevant to her claims. The request is limited in scope and time and is therefore proportional to the needs of the case.

Plaintiff has demonstrated a need for the requested medical records for the one-year period prior to Mr. Burris' death, and because these records may directly prove or disprove Plaintiff's municipal liability claim, they are relevant. The Court now weighs this need against Defendants' assertion that the request is unduly burdensome. In addition to their other objections, Defendants contend that producing the requested third-party medical records would be overly burdensome on them, because they would need to manually search the names of the inmates housed at the Logan County Jail during the relevant time period and then review the physical medical files accordingly. (ECF No. 13, at 12–13.) The burden of this process, according to Defendants, outweighs the likelihood of any benefit these records have for Plaintiff. (*Id.*, at 13.)

"[T]he Federal Rules of Civil Procedure instruct district courts to limit discovery where its 'burden or expense . . . outweighs its likely benefit, taking into account the needs of the case,

the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting former Fed. R. Civ. P. 26(b)(2)(C)(iii)). This Court has previously held that "[t]hese factors are retained in revised Fed. R. Civ. P. 26(b)(1), reflecting 'their original place in defining the scope of discovery'" because "'restoring proportionality' is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions." *Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015) (citing Fed. R. Civ. P. 26(b)(1)). In analyzing the extent of the burden on the producing party, the Court of Appeals for the Sixth Circuit "has held that limiting the scope of discovery is appropriate when compliance 'would prove *unduly* burdensome,' not merely expensive or time-consuming." *Id.* (citing *Surles*, 575 F.3d at 305) (emphasis in original).

Here, Plaintiff's request for medical records of other inmates is limited to those who also experienced symptoms of alcohol withdrawal and is further limited to the one-year period preceding Mr. Burris' death. As explained above, the information sought is relevant to Plaintiff's claims. Defendants assert that they would be required to manually search the files of inmates housed at the Logan County Jail during the year prior to Mr. Burris' death in order to find the responsive documents. (ECF No. 13, at 12–13.) Importantly, Defendants do not support this contention with any evidence. They do not estimate the time needed or cost to perform this manual review and do not even explain how many files they would need to review. The Court recognizes this is a potentially burdensome process, however, the burden is not "undue" and does not outweigh Plaintiff's demonstrated need for the discovery to prove her municipal liability

claim. Accordingly, the Court finds that the task of producing these records is, on balance, not an undue burden.

In light of the limited nature of Plaintiff's request, the potential relevance of the records, and Defendants' failure to show an "undue burden," the Court finds that the requested records over the one-year period preceding Mr. Burris' death are discoverable and should be produced in an appropriately redacted form subject to the parties' protective order (ECF No. 9).

For the foregoing reasons, Plaintiff's Motion to Compel (ECF No. 12) is **GRANTED** and Defendants' Motion to Strike (ECF No. 36) is **DENIED AS MOOT**.[2]

**IT IS SO ORDERED**.

**Date: November 22, 2019**             /s/ *Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] In reaching its decision on Plaintiff's Motion to Compel, the Court did not consider Plaintiff's Notice of Supplemental Record Authority. As such, and in light of the Court's decision on the Motion to Compel, Defendants' Motion to Strike Plaintiff's Notice of Supplemental Authority is denied as moot.