UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Madison Burris, *Individually and as Administrator of the Estate of Ricky Lee Burris*,

    Plaintiff,

v.

Randall Dodds, *et al.*,

    Defendants.

Case No. 2:19-cv-815

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

In response to the Court's prior Order (the "Order"), the parties have briefed whether it is appropriate to stay this case pending the Sixth Circuit's clarification of the standard for Eighth Amendment deliberate indifference claims for pretrial detainees. ECF Nos. 134, 135, & 136.

### I.

As the Court explained in the Order:

> In May 2022, the Court granted Plaintiff's motion for reconsideration of the Court's prior summary judgment order. ECF No. 116. In relevant part, the Court did so to allow the parties to brief the issues under the framework established in *Brawner v. Scott Cty., Tenn.*, 14 F.4th 585 (6th Cir. 2021). *Id.* Since Brawner, two panels of the Sixth Circuit have announced, in two published decisions, different rubrics under which courts should evaluate pretrial detainee deliberate indifference claims. *See Trozzi v. Lake Cnty., Ohio*, 29 F.4th 745 (6th Cir. 2022); *Helphenstine v. Lewis Cnty., Kentucky*, [60 F.4th 305 (6th Cir. 2023)]

Order 1, ECF No. 129.

Since the Court issued the Order, the appellee-defendants in *Helphenstine* filed a petition for rehearing en banc (the "Petition"), and the Sixth Circuit has directed appellant-plaintiff to respond to the Petition. *See* Doc. Nos. 34 & 36, Sixth Circuit Case No. 22-5407.

## II.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). When considering whether to grant a stay, courts often evaluate the following factors:

> (1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court.

*Kirby Dev., LLC v. XPO Global Forwarding, Inc.*, No. 2:18-cv-500, 2018 WL 6075071, at *2 (S.D. Ohio Nov. 20, 2018) (citing cases).

Only one factor weighs against granting a stay in this case: the stage of the litigation. This case is over four years old, has already gone through one round of summary judgment, and another summary judgment motion is fully briefed. A "party has a right to a determination of its rights and liabilities without

undue delay." *Ohio Env't Council*, 565 F.2d at 396. As this case is nearing its end, the parties are no doubt even more inclined to have a final determination in this case. Thus, this factor weighs against granting a stay.

Nonetheless, a stay is appropriate because the other factors favor a stay. If the Sixth Circuit decides to rehear *Helphenstine* en banc, the opinion from that rehearing would likely resolve what standard the Court should use when considering Plaintiff's claims. Thus, neither the Court nor the parties would have to consider whether the *Trozzi* or *Helphenstine* standard applies, which would significantly simplify the issues and reduce the burden of litigation.

Next, the need for a stay. Suppose the Court were to forge ahead without waiting for the Sixth Circuit's decision. In that scenario, the Court would have to choose between the *Trozzi* and *Helphenstine* standards. Should the Sixth Circuit ultimately choose a different standard than the one the Court chooses, yet another summary judgment decision may need to be reconsidered. Avoiding that situation is why there is a substantial need for a stay.

Finally, no party would be unduly prejudiced or tactically disadvantaged by a stay. Undoubtedly, as explained above, the parties have a significant interest in the speedy resolution of their claims. However, a decision in *Helphenstine* may so significantly streamline this case that a stay could ultimately lead to a more efficient resolution of this case.

Of course, if the Sixth Circuit denies the Petition, the Court and the parties will not reap the hypothetical benefits outlined above. However, the Sixth

Circuit's decision on the Petition is on the horizon. Thus, if the Petition is denied, the stay in this case would be relatively brief and would not cause any undue hardship to any party.

True, receiving a definitive ruling from the Sixth Circuit on an issue relevant to the case *sub judice* will not always be a sufficient reason to grant a stay. Here, however, the issue before the Sixth Circuit is foundational to the resolution of Plaintiff's claims. Further, all but one factor favors a stay and, therefore, a brief stay is appropriate.

### III.

For these reasons, the case is **STAYED** pending the resolution of the petition for rehearing en banc in *Helphenstine v. Lewis Cnty., Kentucky*, Sixth Circuit Case No. 22-5407.

If the parties are interested in mediating this case with Court staff, they are directed to contact the Court at watson_chambers@ohsd.courts.gov.

The Clerk shall designate this case as stayed.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**