IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MADISON BURRIS, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF RICKY LEE BURRIS**<br><br>Plaintiff,<br><br>-vs-<br><br>**RANDALL J. DODDS, ET AL.,**<br><br>Defendants. | Case No. 2:19-CV-815<br><br>Judge Michael H. Watson |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff files this Notice to bring the Court's attention to *Mercer v. Athens County, Ohio*, -- F.4th -- , 2023 WL 4242767 (6th Cir. 2023), which is relevant because it applies the standard established in *Brawner* and addresses the analysis of clearly established law, post-*Brawner*.

In *Mercer*, the Sixth Circuit overturned the District Court in part, because the court had erroneously relied on *Trozzi v. Lake Cnty.*, 29 F.4th 745 (6th Cir. 2022). The court "agreed with *Helphenstine*" that *Trozzi* was "irreconcilable with *Brawner*" and "repeat[ed]" that "[b]ecause *Brawner* was decided before *Trozzi*, *Brawner* controls." *Mercer*, 2023 WL 4242767, *4-5. (internal citations omitted).

In *Mercer*, the court denied summary judgment to the nurse, because plaintiff presented evidence that the nurse was aware of symptoms of a serious medical need and failed to seek care from a doctor or hospital, regardless of the fact that he took vitals, conducted tests, and gave ibuprofen. *Id.* at *5-6. Here, Defendant nurse Bibart was alerted to Mr. Burris' serious medical

needs, and did not conduct any medical assessment or examination at all. On the other hand, the defendant officers in *Mercer were* entitled to summary judgment because they reasonably relied on the nurse's assessment. *Id*. at *6-7. Here, however, Defendant officer Joseph did *not* reasonably rely on Bibart's assessment, because Defendant Joseph did not follow Bibart's instructions and did not call Bibart back when Mr. Burris' condition worsened. For these reasons, summary judgment must be denied to Defendants Bibart and Joseph.

*Mercer* also clarifies the analysis of clearly established law after *Brawner*. While Defendants have argued that the law could not be clearly established because *Brawner* changed the standard of culpability, the Sixth Circuit in *Mercer* found that a detainee's right "not to have [her] known, serious medical needs disregarded by a medical provider or an officer" was clearly established as far back as 1972, was reiterated in 2013, and focused in detail on a case from 2009, regardless of the fact that her injury occurred prior to *Brawner*. *Id*. at *1, 7-8 (plaintiff's injury occurred in 2018). Thus, any change in the law in *Brawner*, after the plaintiff in *Mercer* was injured, did not impact the analysis of clearly established law. Because the Sixth Circuit has declined to find that *Brawner* changed the standard in a way that impacts the analysis of whether a right is clearly established, this Court should not do so either.

Thus, applying the analysis used by the Sixth Circuit in *Mercer*, summary judgment must be denied.

Respectfully submitted,

2

| | |
|---|---|
| /s/ *M. Caroline Hyatt*<br>Alphonse A. Gerhardstein (0032053)<br>Trial Attorney for Plaintiff<br>M. Caroline Hyatt (0093323)<br>Attorney for Plaintiff<br>FRIEDMAN, GILBERT + GERHARDSTEIN<br>35 East 7th Street, Suite 201<br>Cincinnati, Ohio 45202<br>T: 513-572-4200<br>F: 216-621-0427<br>al@FGGfirm.com<br>caroline@FGGfirm.com | Tina McFall (0082586)<br>Marc Triplett (0021222)<br>Attorneys for Plaintiff<br>Triplett, McFall & Wolfe Law, LLC<br>332 S Main St<br>Bellefontaine, OH 43311<br>(937) 593-6591<br>Fax (937) 593-2867<br>mcfall@tmwlawyers.com<br>triplett@tmlawyers.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *M. Caroline Hyatt*
M. Caroline Hyatt
*One of the Attorneys for Plaintiff*